DOWNEY, Judge.
Davis seeks reversal of a final judgment in which the trial court found that he did not have uninsured motorist coverage on his motorcycle upon which appellee State Farm Mutual Automobile Insurance Company had issued an insurance policy.
It appears that Davis purchased a policy of motor vehicle insurance covering a motorcycle from State Farm through its agent George Milo. Davis had done business with Milo for some ten years, purchasing a number of automobile insurance policies, all of which contained uninsured motorist coverage. However, the motorcycle policy involved herein contained no uninsured motorist coverage.
Davis was injured in an accident while operating the motorcycle when the cycle was forced off the road by a hit and run driver. In due course, a claim Davis filed against State Farm on the motorcycle policy was rejected and this suit followed. State Farm’s defense to the suit was that Davis had declined UMI coverage as evidenced by his signature on a rejection slip. After a non-jury trial the court found in favor of the insurance carrier.
It appears to us that the trial resolved an issue of fact which in turn depended upon a question of credibility. Davis testified Milo had told him UMI coverage was not available on a motorcycle and that he was covered under his automobile policies. While Milo did not expressly deny the foregoing because he had no independent recollection of what was said, there are a number of other factors which could well bear on Davis's credibility in resolving the issue.
At a pretrial deposition Davis stated that Milo told him UMI coverage was not available on a motorcycle. Later, at trial, by which time he knew Milo had no recollection of conversations leading to the purchase of the motorcycle policy, Davis testified Milo had told him UMI coverage was not available on a motorcycle, but Davis added that Milo also told him such coverage was unnecessary because his automobile policies would contain such coverage. Although Milo did not remember their conversations in regard to this specific policy, he did testify that he knew UMI coverage was available on motorcycle policies; that his commission would be larger on such a policy if it included UMI coverage; and that he still acted as an insurance agent for Davis. In addition to the foregoing, the evidence showed Davis to be a well educated man who was then working for a doctorate degree at the University of Miami. Yet he says he went through the charade of signing a form expressly rejecting UMI coverage after being told such coverage was unavailable.
Based upon the foregoing we cannot say that this record does not support the trial judge’s findings. And since the judgment *1272 comes to this court with a presumption of correctness, it must be affirmed.
AFFIRMED.
BERANEK and HERSEY, JJ., concur.